The State *v.* Neeper.

court; he was only required to pay the money on obtaining title by deed or decree.

Decree affirmed.

*Hempstead & Burt*, for appellant.

*L. Clark*, for appellee.

———•◆•———

### THE STATE *v.* NEEPER.

Citizens of the town of Bellevue, are amenable only to the license law enacted for that town in 1844, for any unlawful sale of liquors within its, limits.

The license law of the town of Bellevue not repealed, or to be interfered with, by the general license law of 1849. [1]

ERROR *to Jackson District Court.*

*Opinion by* GREENE, J. The defendant was indicted for selling liquor in less quantity than one gallon, without a license under the general law of 1849. The indictment charges the defendant with having sold the liquor within the incorporated limits of the town of Bellevue. The court decided that the defendant was not liable under the law of 1849, for selling liquor within the limits of that town.

It is urged by the attorney for the state that this decision is erroneous. By the laws of 1844, 149, §§ 2 and 3, the trustees of the town of Bellevue are authorized to grant licenses in the town. If a person sells spirituous liquors without a license, agreeable to that law, he is liable to its penalties for the use of the corporation. The power of the the trustees over such licenses is adequate, and a party armed with their license would be authorized to sell in less quantities than one gallon, unless other concurrent laws

impose other restrictions. But it is claimed that the power conferred upon the town of Bellevue by the act of 1844 was repealed by the act of 1849, p. 84, § 6; which provides that " all acts and parts of acts now in force upon the subject of grocery, or grocery license, are hereby repealed." This repealing clause makes a clean sweep of all acts on the subject. But still, we think, there is a very marked limitation to be placed upon that construction; this repealing section is part of a general law, and should only be considered as referring to laws of a general nature on the same subject. Mere corporations, or laws exclusively local, should by no means be brought within its scope. Such a construction would be forced, it would prevent the object of the law, and would prove an unauthorized encroachment upon the rights and benefits vested in town and city corporations. Where such important sources of revenue are conferred by law upon towns and cities, even the power of the legislature, to divest them of such benefits by the most direct legislation, may well be questioned. But clearly no court of justice should favor a construction that would produce that result. As the law does not favor any repeal by implication, *afortiori,* it does not favor repeals that may impair established rights and powers. We conclude, therefore, that the Bellevue law of 1844, was in no way affected by the act of 1849.

As the town of Bellevue had the authority to grant licenses, the question arises, was a citizen of that town amenable to the general law of 1849?

Independent of the proviso to the fifth section of this law, we could readily arrive at the conclusion, that such citizen would not only be required to obtain a license from the town but also from the county. But in that section it is provided " that no provision of this act shall be so construed as to interfere with, or in any way to abridge the powers and privileges granted to cities or incorporated towns," &c. Laws 1849, 81, § 5.

It will be readily observed that if so construed as to require parties to pay for a license from the county as well as the town, such increased expense would preclude some parties from obtaining the requisite licenses, and thus the power and privileges of the town would be interfered with or abridged. This proviso shows quite conclusively, the intention of the legislature not to interfere, either by repealing clause or by penal restriction, with any incorporated town, and hence it was not intended that citizens of Bellevue should be amenable to any other than the law of 1844.

Judgment affirmed.

*F. Bangs*, for the State.

*P. & J. M. Smith*, for defendant.